**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

**CASE NO.: 1:26-cv-00840**

DAVID GORDON OPPENHEIMER,

Plaintiff,

v.

NORTH CAROLINA ASSOCIATION OF PRIVATE INVESTIGATORS,

Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

## (INJUNCTIVE RELIEF DEMANDED)

Plaintiff DAVID GORDON OPPENHEIMER, by and through his undersigned counsel, brings this Complaint against Defendant NORTH CAROLINA ASSOCIATION OF PRIVATE INVESTIGATORS for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1. Plaintiff DAVID GORDON OPPENHEIMER ("Oppenheimer") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, for unauthorized reproduction and distribution of Oppenheimer's original copyright-protected Work.

2. Oppenheimer is an independent travel, aerial, and concert photographer, who operates Performance Impressions LLC as the primary outlet to sell prints of his photographs in addition to commercial licensing. Oppenheimer has a large archive of concert photography with more than 20,000 works covering concerts, music festivals, travel destinations, landmarks, and aerial views of major cities and rural and mountain landscapes across the United States. His works have been featured by National Geographic, Rolling Stone, NBC, Goldman Sachs, HBO Sports, and displayed at the Museum of the City of New York.

3. Defendant NORTH CAROLINA ASSOCIATION OF PRIVATE INVESTIGATORS ("NCAPI") is the oldest association of private investigators in North Carolina, whose mission includes promoting and fostering the enforcement of law and order, advocating and striving for uniform application of the rules and regulations of the Private Protective Services Board, and to establish a mutual trust, goodwill, honesty, and friendship among professionals throughout the State of North Carolina and the United States. At all times relevant herein, NCAPI owns and operates the Facebook Account located at the internet URL https://www.facebook.com/NCAssocOfPIs (the "NCAPI Facebook Account").

4. Oppenheimer alleges that NCAPI copied Oppenheimer's copyrighted Work from his photography prints storefront on the website "Fine Art America" without authorization to market, advertise, and promote its organization and business activities. NCAPI committed the violations alleged in the course and scope of NCAPI's business for purposes of publicly marketing, advertising, and promoting NCAPI's business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. NCAPI is subject to personal jurisdiction in North Carolina.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, NCAPI engaged in infringement in this district, NCAPI resides in this district, and NCAPI is subject to personal jurisdiction in this district.

## DEFENDANT

9. North Carolina Association of Private Investigators is a Non-Profit Corporation, with its principal place of business at 226 Quailwood Court, Cape Carteret, North Carolina, 28484-9751, and can be served by serving its Registered Agent, Donald L. Miller, at the same address.

## THE COPYRIGHTED WORK AT ISSUE

10. In 2013, Oppenheimer created the aerial photograph of Harrah's Cherokee Casino Resort, entitled "*Aerial_April16__OPP5644.jpg*," which is shown below with its accompanying caption and referred to herein as the "Work."



Harrah's Cherokee Casino Resort and hotel in Cherokee, North Carolina aerial photo taken April 16, 2013 - WNC gambling - Copyright 2013 David Oppenheimer - Performance Impressions Photography Archives - http://www.performanceimpressions.com

11. Oppenheimer's Work is protected by copyright but is not otherwise proprietary or trade secrets. The perspective, orientation, positioning, lighting, and other details of the Work are entirely original and creative. As such, the Work qualifies as subject matter protectable under the Copyright Act.

12. Oppenheimer registered the Work with the Register of Copyrights on April 26, 2013. The registration was assigned number VAu 1-140-002, which is attached hereto as **Exhibit 1.**

13. At all relevant times, Oppenheimer was the owner of the copyrighted Work.

14. Oppenheimer makes his photographs, including the Work, available for purchase and licensing through the website "Fine Art America" at www.fineartamerica.com/profiles/1-performance-impressions/shop ("Oppenheimer's Fine Art America Account").

15. Oppenheimer published the Work on or about October 9, 2014, by displaying it on Oppenheimer's Fine Art America Account at the internet URL https://fineartamerica.com/featured/1-harrahs-cherokee-casino-resort-david-oppenheimer.html.

16. The Work on Oppenheimer's Fine Art America Account includes Copyright Management Information ("CMI") that clearly identifies Oppenheimer as the copyright owner. The Work carries Fine Art America's standard visible watermark on the bottom right corner, and includes CMI under the Work as follows: "Harrah's Cherokee Casino Resort #1 is a photograph by David Oppenheimer which was uploaded on October 9, 2014." Oppenheimer's name is also conveyed in connection with the Work as a listed author next to the Work. Attached hereto as **Exhibit 2** is a true and correct screenshot of the Work on Oppenheimer's Fine Art America Account.

17. These elements together reflect clear and unambiguous attribution and copyright notice, prominently displayed and embedded in connection with the Work.

## INFRINGEMENT BY NCAPI

18. NCAPI has never been licensed to use the Work at issue in this action for any purpose.

19. On a date after the Work at issue in this action was created, but prior to the filing of this action, NCAPI copied the Work.

20. Within three years of filing this action, Oppenheimer learned of the unauthorized use of his Work on the NCAPI Facebook Account at the following URL:

https://www.facebook.com/NCAssocOfPIs/photos/pb.100064899333590.-2207520000./10158357548686486/?type=3.

21. Upon information and belief, on or around September 17, 2022, NCAPI copied Oppenheimer's copyrighted Work from Oppenheimer's Fine Art America Account.

22. NCAPI reproduced the Work and then distributed and displayed it on the NCAPI Facebook Account to promote and market its 2022 Fall Conference, including a "Speaker Spotlight," to its members and offering tickets to the public for approximately $150.

23. Despite the extensive CMI, NCAPI copied and published the Work to promote its business website without authorization, and in doing so, ignored the CMI, using the image to promote its 2022 Fall Conference. NCAPI never sought or obtained permission or a license for this use.

24. NCAPI has benefitted from infringement of the Work, while Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Plaintiff is entitled to injunctive relief, damages, and other relief authorized under the Copyright Act.

25. NCAPI reproduced the Work without authorization, in violation of Oppenheimer's exclusive rights under 17 U.S.C. § 106.

26. NCAPI's acts of reproduction, distribution, and public display of the Work were undertaken in connection with NCAPI's business for purposes of advertising and promoting its organization, services, and paid events. NCAPI's conduct was undertaken with knowledge of Plaintiff's rights or with reckless disregard for those rights.

27. NCAPI committed copyright infringement of the Work as evidenced by screenshots showing the infringing uses attached hereto as **Exhibit 3**.

28. Oppenheimer never gave NCAPI permission or authority to copy, distribute, or display the Work at issue in this case.

29. Oppenheimer, through counsel, notified NCAPI of the allegations set forth herein beginning on July 30, 2024. To date, the parties have failed to resolve this matter.

## COUNT I
## COPYRIGHT INFRINGEMENT

30. Oppenheimer incorporates the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. Oppenheimer owns a valid copyright in the Work at issue in this case.

32. Oppenheimer registered the Work at issue in this case with the United States Copyright Office pursuant to 17 U.S.C. § 411(a).

33. NCAPI copied, displayed, and distributed the Work at issue in this case without Oppenheimer's authorization in violation of 17 U.S.C. § 501.

34. NCAPI performed the acts alleged in the course and scope of its business activities.

35. Defendant's acts were willful.

36. Oppenheimer has been damaged.

37. The harm caused to Oppenheimer has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

38. Oppenheimer incorporates the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

39. As published by Oppenheimer, the Work contains copyright management information in the form of the multiple attributions conveyed in connection with the Work, as described and shown in part here:

**Title**
Harrah's Cherokee Casino Resort #1

**Artist**
David Oppenheimer

**Medium**
Photograph - Photography

**Description**
Harrah's Cherokee Casino Resort and hotel in Cherokee, North Carolina aerial photo taken April 16, 2013 - WNC gambling - Copyright 2013 David Oppenheimer - Performance Impressions Photography Archives - http://www.performanceimpressions.com

**Uploaded**
October 9th, 2014



< PREV NEXT > ♡ 0 0

Harrah's Cherokee Casino Resort #1

by **David Oppenheimer**

40. NCAPI knowingly and with the intent to enable, conceal, or facilitate copyright infringement removed, omitted, or altered these attributions from the Work in violation of 17 U.S.C. § 1202(b), failing to attribute Oppenheimer in any way on the NCAPI Facebook Account.

41. NCAPI distributed and publicly displayed copies of the Work knowing that copyright management information had been removed, omitted, or altered without Oppenheimer's authority.

42. NCAPI committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate, or conceal infringement of Oppenheimer's rights in the Work protected under the Copyright Act.

43. NCAPI caused, directed, and authorized others to commit these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate, or conceal infringement of Oppenheimer's rights in the Work protected under the Copyright Act.

44. Oppenheimer has been damaged.

45. The harm caused to Oppenheimer has been irreparable.

## COUNT III
## VICARIOUS COPYRIGHT INFRINGEMENT

46. Oppenheimer incorporates the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

47. Upon information and belief, a third party committed copyright infringement when it reproduced, distributed, and/or displayed the Work and/or derivative works based on the Work.

48. Upon information and belief, a third party committed copyright infringement when it reproduced, distributed, and/or displayed the Work and/or derivative works based on the Work without Oppenheimer's copyright management information.

49. NCAPI has a direct financial interest in the infringing material because it derives profits from the NCAPI Facebook Account that displayed an infringing copy of the Work.

50. Despite having the ability to stop the Work from being displayed on the NCAPI Facebook Account without copyright management information, NCAPI allowed the Work to be reproduced, distributed, and displayed.

51. To the extent that the actions described above were performed by a third party alone, NCAPI is vicariously liable for the unauthorized copying, display, distribution, and creation of derivative works of the Work without Oppenheimer's authorization in violation of 17 U.S.C. § 501.

52. Oppenheimer has been damaged.

53. The harm caused to Oppenheimer has been irreparable.

WHEREFORE, Plaintiff, DAVID GORDON OPPENHEIMER, prays for judgment against the Defendant NORTH CAROLINA ASSOCIATION OF PRIVATE INVESTIGATORS that:

54. NCAPI and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202;

55. NCAPI be required to pay Oppenheimer his actual damages and Defendant's profits attributable to the infringement, or, at Oppenheimer's election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

56. Oppenheimer be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

57. Oppenheimer be awarded pre- and post-judgment interest; and

58. Oppenheimer be awarded such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Oppenheimer hereby demands a trial by jury of all issues so triable.

Dated: August 17, 2026

Respectfully submitted,

*/s/ Dana A. LeJune*

Dana A. LeJune
Bar Number: 49025
dlejune@triallawyers.net

**LeJune Law Firm**
7 Orchard Street
Suite 200
Asheville, NC 28801
828.774.5800 – Telephone

*Counsel for Plaintiff David Gordon Oppenheimer*